# EXHIBIT A

NYSCEF

New York County Supreme Court

**Document List**

**Index #   152102/2025**

Created on:03/12/2025 11:44 PM

Case Caption:   **JANE DOE v. TAL ALEXANDER**

Judge Name:   **Leslie Stroth**

| Doc# | Document Type/Information | Status | Date Received | Filed By |
|---|---|---|---|---|
| 1 | SUMMONS + COMPLAINT *Corrected* | Processed | 02/18/2025 | Curis, A. |
| 2 | ORDER TO SHOW CAUSE ( PROPOSED ) (Motion #001) | Processed | 02/18/2025 | Curis, A. |
| 3 | MEMORANDUM OF LAW (Motion #001) | Processed | 02/18/2025 | Curis, A. |
| 4 | RJI -RE: ORDER TO SHOW CAUSE (Motion #001) | Processed | 02/18/2025 | Curis, A. |
| 5 | ORDER TO SHOW CAUSE (Motion #001) | Processed | 02/20/2025 | Court User |
| 6 | AFFIRMATION/AFFIDAVIT OF SERVICE (Motion #001) | Processed | 02/27/2025 | Curis, A. - filed by Executive Attorney Service, Inc. |
| 7 | STATEMENT OF AUTHORIZATION FOR ELECTRONIC FILING (Motion #001) | Processed | 02/27/2025 | Curis, A. - filed by Executive Attorney Service, Inc. |
| 8 | AFFIRMATION/AFFIDAVIT OF SERVICE (Motion #001)  affidavit of overnight mail | Processed | 02/27/2025 | Curis, A. - filed by Executive Attorney Service, Inc. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------------------------------X

JANE DOE,

**Index No.:_____ /2025**

**Plaintiffs designates
NEW YORK COUNTY
as place of trial.**

*Plaintiff,*

-against -

TAL ALEXANDER,

**The basis of venue is the
location of negligent acts**

**SUMMONS**
**Plaintiff resides in New
York, NY**

*Defendant.*

------------------------------------------------------------------------X

To the above-named defendants:

**YOU ARE HEREBY SUMMONED** to answer the complaint
in this action and to serve a copy of your answer or, if the
complaint is not served with this summons, to serve a notice of
appearance on the plaintiff's attorneys within 20 days after the service of this summons,
exclusive of the day of service (or within 30 days after the service is complete if this summons is
not personally delivered to you within the State of New York) and in case your failure to appear
or answer, judgement will be taken for the relief demanded herein.

**A COPY OF THIS SUMMONS WAS FILED WITH THE CLERK OF THE COURT,
NEW YORK COUNTY ON _____ IN COMPLIANCE WITH CPLR §§305(a) AND
306(a).**

Dated: February 18, 2025
New York, New York

Respectfully submitted,

**CURIS LAW, PLLC**

*By: /s/Antigone Curis*
antigone@curislaw.com
52 Duane Street, 7th Floor
New York, New York 10007
Phone: (646) 335-7220
Facsimile: (315) 660-2610

**AVA LAW GROUP**
Andrew Van Arsdale
andrew.vanarsdale@avalaw.com
3667 Voltaire Street, Ste. 101
San Diego, CA 92106

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-----------------------------------------------------X

JANE DOE,

     *Plaintiff*,

     v.

TAL ALEXANDER,

     *Defendant.*

-----------------------------------------------------X

**VERIFIED**
**COMPLAINT**

No. _____

   Plaintiff Jane Doe ("Plaintiff"), by and through her attorneys, Curis Law, PLLC,

for her Complaint alleges as follows:

## INTRODUCTION

1.  Plaintiff brings this action to hold Defendant Tal Alexander accountable for the

brutal sexual assault he committed against her in New York. On or about November of 2014,

Defendant Tal Alexander manipulated and forced Plaintiff into a horrific and violent sexual

encounter at his residence in Manhattan. Under the guise of an invitation for a date, Tal

Alexander lured Plaintiff to his apartment, where he sexually assaulted and raped her.

2.  Defendant leveraged his wealth, status, and influence to perpetrate this crime with

impunity. His abuse was not an isolated incident but part of a broader pattern of misconduct in

which he used his powerful social connections to lure, coerce, and silence his victims. Plaintiff

seeks justice, accountability, and the full measure of legal remedies available to survivors of

sexual violence.

## PARTIES

3.  Plaintiff Jane Doe is an adult female who resides in New York.

Case 1:25-cv-02077-JPC    Document 1-1    Filed 03/13/25    Page 5 of 32

4.      Defendant Tal Alexander, a resident of New York, engaged in predatory conduct and used his social status and financial power to lure, coerce, and assault women.

5.      Currently, Defendant Tal Alexander, is incarcerated at the Metropolitan Detention Center (MDC), 80 29th St, Brooklyn, NY 11232 for allegations of similar conduct.

## JURISDICTION AND VENUE

6.      This Court has subject-matter jurisdiction pursuant to New York Civil Practice Law and Rules (CPLR) § 301 and § 302, as this action involves causes of action recognized under the laws of the State of New York, including violations of the Victims of Gender-Motivated Violence Protection Law, N.Y.C. Admin. Code §§ 10-1101.

7.      This Court has personal jurisdiction over the Defendant pursuant to CPLR § 302(a) because the acts giving rise to Plaintiff's claims occurred within the State of New York, and the Defendant is domiciled in New York and/or regularly transacts business in New York State, including in New York City.

8.      Venue is proper in this County pursuant to CPLR § 503 because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this County, including the assault of Plaintiff.

## JURY DEMAND

9.      Plaintiff hereby demands a trial by jury on her claims in this action.

## FACTUAL ALLEGATIONS

10.     Tal Alexander has a history of preying on young women, using his wealth and social standing to gain access to them. He has connections to elite social circles and is known for using his status to attract women under false pretenses.

Case 1:25-cv-02077-JPC     Document 1-1     Filed 03/13/25     Page 6 of 32

11.     He frequently attended exclusive events, developing a reputation for lavish spending and extravagant parties designed to entice women into vulnerable situations.

12.     Plaintiff met Defendant Tal Alexander at a nightclub in Soho, then known as Prabda (currently named Gospel).

13.     Tal Alexander approached Plaintiff with charm and charisma, expressing interest in seeing her again.

14.     Over the next two days, he sent her text messages, inviting her on what he described as a "date." He invited Plaintiff to his apartment under the pretense of having drinks before going to an event.

15.     On or about November of 2014, Plaintiff arrived at Tal Alexander's apartment in Manhattan. Within minutes of her arrival, he aggressively kissed her and pulled her toward his bedroom.

16.     Plaintiff tried to resist, stating she was not comfortable, but Defendant overpowered her. He forcibly removed her clothing and pushed her onto his bed. Ignoring her protests, he raped her, causing extreme physical and emotional distress.

17.     The entire assault lasted approximately 30 minutes, after which Defendant nonchalantly got up, pointed to a tuxedo hanging near his bathroom, and stated he had an event to attend.

18.     Defendant told Plaintiff to "see herself out" and then entered the shower, dismissing her presence.

19.     Plaintiff was in shock, gathering her belongings and leaving the apartment in a daze. She returned home, locked herself in her room, and sat in silence, trying to process the trauma.

Case 1:25-cv-02077-JPC     Document 1-1     Filed 03/13/25     Page 7 of 32

20. In the months that followed, Plaintiff suffered from severe anxiety, depression, and PTSD.

21. Seeing Tal Alexander in social settings after the assault triggered intense panic attacks. She refrained from discussing the incident out of fear, shame, and the power imbalance between her and the Defendant.

## FIRST CAUSE OF ACTION
### (Violation of New York City Victims of Gender-Motivated Violence Protection Act)

22. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if hereinafter set forth at length.

23. By forcing sexual contact onto Plaintiff, Defendant Tal Alexander committed a "crime of violence motivated by gender" under the Victims of Gender-Motivated Violence Protection Act ("VGMVPA") as defined in New York City Administrative Code § 10-1103.

24. The requirement that the crime of violence be committed because of gender or on the basis of gender, and due, at least in part, to an animus based on the victim's gender is satisfied because Defendant Alexander forced Plaintiff to engage in a sexual interaction without consent. Moreover, Alexander's long history of violence and sexual abuse against women evinces a deep contempt and desire for domination over women.

25. Defendant intentionally made harmful and offensive sexual contact with Plaintiff without consent. Defendant restrained Plaintiff through coercion and force, preventing her from leaving immediately. Defendant's conduct was extreme, outrageous, and caused severe emotional distress.

Case 1:25-cv-02077-JPC   Document 1-1   Filed 03/13/25   Page 8 of 32

26.     Plaintiff suffered severe physical and emotional harm as a result. Plaintiff was held against her will and subjected to non-consensual acts. Plaintiff continues to suffer from anxiety, trauma, and depression.

27.     As a result of Defendant's actions, Plaintiff suffered damages in an amount to be determined at trial and pursuant to the fee-shifting provision of the statute.

28.     This legal action has been commenced within the statutory timeframe provided by the two-year look-back window for VGMVPA claims. *See* New York City Administrative Code § 10-1105.

## SECOND CAUSE OF ACTION
### (Sexual Battery)

29.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if hereinafter set forth at length.

30.     Defendant's conduct as described above constitutes a sexual battery in that the contact was intentional, harmful and offensive.  Moreover, Plaintiff did not consent to the harmful and offensive contact.

31.     By forcing sexual contact onto Plaintiff, Defendant committed acts constituting rape and oral sexual conduct, falling within the scope of CPLR § 213-c, which provides a 20-year statute of limitations for civil claims arising from such conduct.

32.     CPLR § 213-c states: "Notwithstanding any other limitation set forth in this article, an action to recover damages for physical, psychological, or other injury or condition suffered as a result of conduct which would constitute a sexual offense as defined in article one hundred thirty of the penal law committed against such plaintiff . . . may be commenced within twenty years."

33. As a direct and proximate result of the aforementioned batteries, Plaintiff has sustained in the past, and will continue to sustain in the future, psychological injury, pain and suffering, serious and severe psychological and emotional distress, mental anguish, embarrassment, and humiliation.

34. Plaintiff is entitled to compensatory damages from the Defendant in such sums a jury would find fair, just, and adequate.

35. Plaintiff is entitled to punitive damages from the Defendant in such sums as a jury would find fair, just and adequate to deter said defendant and others from future similar misconduct.

36. The amount of damages sought exceeds the jurisdiction of all lower courts which would otherwise have jurisdiction.

37. This action falls within exceptions to Article 16 of the C.P.L.R.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant on all counts as follows:

    a. Awarding compensatory damages for all physical injuries, emotional distress, psychological harm, anxiety, humiliation, physical and emotional pain and suffering, family and social disruption, and other harm, in an amount to be determined at trial;

    b. Awarding punitive damages in an amount to be determined at trial;

    c. Awarding attorneys' fees and costs pursuant to any applicable statute or law;

    d. Awarding pre- and post-judgment interest on all such damages, fees, and/or costs;

e.  Attaching any and all of Defendant's real property and other assets located in the State of New York pursuant to Federal Rule of Civil Procedure 64; and

f.  Awarding such other and further relief as this Court may deem just and proper.

Respectfully submitted,

Dated: New York, New York
February 18, 2025

**CURIS LAW, PLLC**

By: _Antigone Curis_
antigone@curislaw.com
52 Duane Street, 7th Floor
New York, New York 10007
Phone: (646) 335-7220
Facsimile: (315) 660-2610

**AVA LAW GROUP**

Andrew Van Arsdale
andrew.vanarsdale@avalaw.com
3667 Voltaire Street, Ste. 101
San Diego, CA 92106
Telephone: (800) 777-4141
Facsimile: (619) 222-3667

Case 1:25-cv-02077-JPC    Document 1-1    Filed 03/13/25    Page 11 of 32

SUPREME COURT OF THE STATE OF NEW YORK

COUNTY OF NEW YORK

-------------------------------------------------------------X

JANE DOE,

                *Plaintiff,*

      -against -

TAL ALEXANDER,

                *Defendants.*

-------------------------------------------------------------X

Index No:_____/2025

**INDIVIDUAL
VERIFICATION**

STATE OF NEW YORK

COUTY OF _kns_

I, JANE DOE, being duly sworn, deposes and says:

That I am the plaintiff in the within action.

    I have read the foregoing SUMMONS AND VERIFIED COMPLAINT and know the contents thereof and the same is true to the best of my knowledge, except as to those matters herein stated to be alleged upon information and belief and that as to those matters, I believe them to be true.

Dated: New York, New York

February \_14\_, 2025.



_____
NOTARY PUBLIC

At I.A.S. Part _____ of the Supreme Court of the State of New York, County of New York, held at the Courthouse located at 60 Centre Street, New York, NY 10007 on the ____ th day of _____ 2025

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

-------------------------------------------------------------------------X

JANE DOE

Index No.: 152102 /2025

Plaintiff,

| ORDER TO SHOW |
| CAUSE FOR A |
| TEMPORARY |
| **RESTRAINING** |
| **ORDER** |

-against -

TAL ALEXANDER,

Defendants.

-------------------------------------------------------------------------X

UPON reading and filing the annexed Affirmation of Antigone Curis, Esq., of CURIS LAW, PLLC., dated _____, 2025 and all other papers herein, including the Summons and Complaint, and upon due consideration:

LET CAUSE BE SHOWN before this court, at Part ____ of the Supreme Court of the State of New York, County of New York, at the Courthouse located at 60 Centre Street New York, NY, on the _____th day of _____, 2025, at _____, or as soon thereafter as counsel may be heard, why an Order should not be entered in this proceeding:

- Granting a Temporary Restraining Order pursuant to CPLR Section 6301, and New York common law, deeming plaintiff's use of the pseudonym "**JANE DOE**" and the caption of "JANE DOE v. TAL ALEXANDER to be proper in the herein case, and;

- Permitting plaintiff to proceed in this action under the pseudonym "JANE DOE", and the caption to read "JANE DOE v. TAL ALEXANDER and;

- Directing the parties, their attorneys, and agents to refrain from publishing plaintiff's true identity, and;

- Directing that all papers filed in this action, and all judgments, orders, decisions, notices to the Court and any other document relating to the action refer to plaintiff by the pseudonym "JANE DOE", and bear the caption "**JANE DOE v. TAL ALEXANDER**" and directing the County Clerk to enter and record all papers in the action under the title "**JANE DOE v. TAL ALEXANDER**"

- Granting such other relief as the court may deem just and proper.

- That the County Clerk enter the caption of the above-entitled proceeding in the current minute books and indices of actions and proceedings maintained in his office under the title of

**"JANE DOE v. TAL ALEXANDER"**

ORDERED, that, pending the hearing of this motion BEFORE THIS JUSTICE TO BE ASSIGNED, the Clerk of this Court, upon payment of the proper fees, be as in hereby directed to assign an index number to this proceeding, and to accept for filing a Request for Judicial Intervention ("RJI") bearing the following caption, namely:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------X

JANE DOE

                       *Plaintiff,*

          **-against -**

TAL ALEXANDER,

                    *Defendant.*

                                             X

ORDERED, that the County Clerk maintain the caption of the above-entitled proceeding for plaintiff under the pseudonym "JANEDOE," pursuant to New York common law and statutory law, which affords sex assault victims the right to privacy pending a hearing.

ORDERED, that service of a copy of this order on defendants, by overnight service, together with the papers upon which it is granted, on or before the _____ day of

_____, 20_____, be deemed good and sufficient service.

ORDERED, that opposition, if any, is due on or before the _____ day of_____,

20____;

ORDERED, that reply papers, if any, are due on or before the _____ day of _____

ENTER:

                                         _____

                                             J.S.C.

Case 1:25-cv-02077-JPC    Document 1-1    Filed 03/13/25    Page 15 of 32

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

----------------------------------------------------------X

JANE DOE

                    *Plaintiff*,                           No. _____

        v.

TAL ALEXANDER,

                    *Defendants*.

----------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF

## PLAINTIFF'S MOTION TO PROCEED ANONYMOUSLY

Plaintiff Jane Doe ("Plaintiff"), by and through her undersigned counsel Curis Law, PLLC, hereby files this Memorandum of Law in Support of Plaintiff's Motion to Proceed Anonymously pursuant to New York Uniform Rule 202.8-a (the "Motion").

## PRELIMINARY STATEMENT

This lawsuit involves claims arising from Defendant Tal Alexander's sexual assault of Plaintiff in 2014. In the Complaint (Dkt. No. 1), Plaintiff alleges that defendant sent her text messages, inviting her on what he described as a "date." He invited Plaintiff to his apartment under the pretense of having drinks before going to an event. On or about November of 2014, Plaintiff arrived at Tal Alexander's apartment in Manhattan. Within minutes of her arrival, he aggressively kissed her and pulled her toward his bedroom. Plaintiff tried to resist, stating she was not comfortable, but Defendant overpowered her. He forcibly removed her clothing and pushed her onto his bed. Ignoring her protests, he raped her, causing extreme physical and emotional distress. The entire assault lasted approximately 30 minutes, after which Defendant nonchalantly got up, pointed to a tuxedo hanging near his bathroom, and stated he had an event to attend. Defendant told Plaintiff to "see herself out" and then entered the shower, dismissing her presence.

As set forth in the Complaint, Defendants have cultivated a pattern of leveraging their wealth, status, and high-profile circles to manipulate and sexually exploit young women.

## ARGUMENT

It is well-settled that it is within the sound discretion of the court to allow a plaintiff to proceed anonymously in judicial proceedings. *See, e.g.*, *EW v. N.Y. Blood Center*, 213 F.R.D. 108, 110 (E.D.N.Y. 2003); *Doe v. Smith*, 189 F.R.D. 239, 242 (E.D.N.Y. 1998), vacated on rehearing and modified on other grounds, 105 F. Supp. 2d 40, 45 (E.D.N.Y. 1999). A district court has discretion to grant an exception to the "general requirement of disclosure of the names of parties"

to permit a plaintiff to proceed under a pseudonym. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189 (2d Cir. 2008) (internal quotation marks and citation omitted) (alteration adopted). The question for the district court is whether the plaintiff has a "substantial privacy" interest that "outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Id*. (internal quotation marks and citation omitted).

## I. PLAINTIFF SHOULD BE GRANTED LEAVE TO PROCEED ANONYMOUSLY IN THIS LAWSUIT DUE TO THE SENSITIVE AND PERSONAL NATURE OF THE ALLEGATIONS AND THREATS OF HARM.

Plaintiff's interest in anonymity outweighs any other factors that would justify disclosing her name. When deciding whether a plaintiff may be allowed to maintain an action under a pseudonym, the plaintiff's interest in anonymity must be balanced against both the public interest in disclosure and any prejudice to the defendant. *See Sealed Plaintiff*, 537 F.3d at 189-90. In balancing these interests, courts consider several factors, including the following "non-exhaustive" list:

(1) whether the litigation involves matters that are highly sensitive and of a personal nature;

(2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or, even more critically, to innocent nonparties;

(3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of disclosing the plaintiff's identity;

(4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly given his or her age;

(5)   whether the suit is challenging the actions of the government or that of private parties;

(6)   whether the defendant is prejudiced by allowing the plaintiff to press his or her claims anonymously, whether that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court;

(7)   whether the plaintiff's identity has thus far been kept confidential;

(8)   whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his or her identity;

(9)   whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and

(10)  whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Id*. at 189-90 (internal quotation marks, citations, and alterations omitted).

A district court is not required to list each of the factors or use any particular formula as long as the court balances the interests at stake in reaching its conclusion. *See id*. at 191 n.4. When balancing these interests, these factors favor granting Plaintiff's request to proceed anonymously in this action.

A.   This Litigation Involves Matters that are Highly Sensitive and of a Personal Nature

As to the first factor, Plaintiff's claims concern sexual assault and, accordingly, are highly sensitive and of a personal nature.  In similar circumstances, courts have recognized the need to protect the identity of sexual assault victims.  *See Doe v. Smith*, 105 F. Supp. 2d 40 (E.D.N.Y. 1999) (allowing victim of sexual abuse to proceed anonymously); *see also Doe v. Blue Cross & Blue Shield United of Wis*., 112 F.3d 869 (7th Cir. 1997) (recognizing rape victims as entitled to anonymity).  An action need not involve rape or sexual assault specifically in order to permit a

plaintiff to proceed as a John Doe. *See Trooper 1 v. N.Y. State Police*, No. 22 Civ. 00893 (LDH) (TAM), ECF No. 37. In *Trooper 1*, the court held:

> Even though Plaintiff has not offered corroboration for her claimed risks of harm at this stage, in light of the allegations contained in the complaint and the high-profile nature of the case, having the plaintiff's name in the public domain, especially in the Internet age, could subject the plaintiff to future unnecessary interrogation, criticism, or psychological trauma, as a result of bringing this case. As a result, the Court finds that a "chilling effect" could result from Plaintiff's being required to reveal her identity, which weighs in favor of permitting Plaintiff to continue anonymously.

*Id.* (citations and quotations omitted). Here, the Alexander Brothers are public figures and the media attention given to this case has been substantial.

Given this confluence of events, the media attention given to this action would undoubtedly create a chilling effect on future plaintiffs in similar circumstances should Plaintiff be forced to disclose his identity. *See, e.g.*, *Doe v. Colgate Univ.*, No. 15 Civ. 1069 (LEK) (DEP), 2016 WL 1448829, at *3 (N.D.N.Y. Apr. 12, 2016) ("The Court is also mindful of the potential chilling effect that forcing Plaintiff to reveal her identity would have on future plaintiffs facing similar situations."); *Doe v. Cabrera*, 307 F.R.D. 1, 7 (D.D.C. 2014). *See also Doe 1 v. McAdam Fin. Grp. LLC*, No. 22 Civ. 00113 (GHW) (SN), 2022 WL 3579700 (S.D.N.Y. Aug. 3, 2022).

B. <u>Plaintiff's Identification Poses a Risk of Retaliatory Physical and/or Mental Harm</u>

The second factor is similarly satisfied in favor of granting anonymity, as Plaintiff's identification poses a risk of both physical and mental harm. "If disclosure creates risk of harm from third parties, disclosure is disfavored." *Doe v. Townes*, No. 19-CV-8034 (ALC) (OTW), 2020 WL 2395159, at *4 (S.D.N.Y. May 12, 2020). There is a significant risk here of physical harm to Plaintiff that cannot be ignored as defendants are known to have violently drugged and raped their victims.

Case 1:25-cv-02077-JPC    Document 1-1    Filed 03/13/25    Page 20 of 32

In terms of mental harm, Plaintiff's experiences as described in the Complaint are traumatic, and having those experiences played out in a public forum could spark more trauma for Plaintiff. *See Doe 140 v. Archdiocese of Portland in Or.*, 249 F.R.D. 358, 361 (D. Or. 2008) (explaining that "the experience of sexual abuse can be deeply psychologically traumatic, and public knowledge of such abuse can trigger new trauma even years after the fact"). Under circumstances in which disclosure of a party's identity could cause further injury, anonymity is routinely permitted. *See Doe v. Smith*, 105 F. Supp. 2d at 44 (holding that sexual abuse victim may proceed anonymously where victim's doctor opined that revelation of her identity would cause emotional injury); *Doe v. Diocese Corp.*, 647 A.2d 1067, 1072 (Conn. 1994) (therapist opined that disclosure of clergy abuse victim's identity would cause a setback in his treatment); *Roe v. Borup*, 500 F. Supp. 127 (E.D. Wis. 1980). In this case, the filing of this lawsuit will garner significant attention in the press, and if Plaintiff's identity is revealed to the public, there is little doubt that she would be inundated with unwanted attention from the media that would cause her extreme psychological distress. Plaintiff would certainly experience significant harm if she is forced to reveal her identity to the public.

C. <u>Defendants Will Not be Prejudiced by Allowing the Plaintiff to Pursue Her Claims Anonymously</u>

Protecting Plaintiff by allowing her use of a pseudonym will not prejudice Defendants. The Complaint sets forth the factual basis for Plaintiff's claims in detail. Defendant cannot claim to be prejudiced in discovery here simply because Plaintiff may proceed anonymously.

Defendants will have access to Plaintiff's discoverable information, and will still have the right to depose or confer with any and all witnesses, conduct full discovery in accordance with applicable rules, and obtain any and all documents. There is neither potential prejudice to the

Defendant nor a possibility of confusion of identities. Thus, allowing Plaintiff to proceed anonymously will not result in prejudice to the Defendants. As such, Defendants will suffer no prejudice if Plaintiff is to pursue her claims under the Jane Doe pseudonym.

In any event, we are at the earliest stages of this case. Defendants' next step is to answer or file a motion to dismiss, neither of which requires disclosure of Plaintiff's identity. Any arguments regarding Defendants' need for additional information about Plaintiff later in the case are premature, and can be dealt with in the ordinary course of litigation as the case proceeds. *See Grottano v. City of New York*, No. 15 Civ. 9242, 2016 WL 2604803, at *3 (S.D.N.Y. Mar. 30, 2016) (granting motion to proceed anonymously and rejecting arguments about impact of anonymity in later stages of litigation). This Court has routinely granted initial leave to file a complaint pseudonymously while reserving the right to order disclosure of a plaintiff's identity at a later stage, suggesting that the standard for making the requisite showing is lower at the pleading stage. *See, e.g., Doe v. Delta Airlines, Inc.*, 310 F.R.D. 222, 223 (S.D.N.Y. 2015) (denying motion to proceed pseudonymously *at trial* after allowing plaintiff to proceed under pseudonym earlier in case).

D. Plaintiff has Kept Her Identity Confidential

Further, Plaintiff has taken steps to keep her identity confidential. For example, she has not spoken publicly about the incidents that underly the causes of action.

E. The Public Will Not be Prejudiced if Plaintiff Proceeds Anonymously

"[P]arty anonymity does not obstruct the public's view of the issues joined or the court's performance in resolving them." *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981) (holding that Plaintiff suing government was entitled to proceed anonymously). "The assurance of fairness preserved by public presence at a trial is not lost when one party's cause is pursued under a

fictitious name." *Id*. Rather, it would seem that the public has a far greater interest in knowing who is accused of sexual abuse and where the abuse is alleged to have occurred than any interest in knowing the specific identity of a victim. In *EW*, 213 F.R.D. 108, the court held that the privacy rights of a patient who brought suit against a blood bank after receiving a tainted blood transfusion outweighed any First Amendment interest in access to her name. The court noted, "[t]he modern invention of today includes access to court files by those surfing the Internet. The facts of this case provide no occasion for imposing such an invasion of privacy as the price for litigating a legitimate private complaint." *Id*. at 112-13. In this case, the sensitive and personal nature of Plaintiff's allegations of sexual assault and the likelihood of further psychological injury overcomes any presumption of openness.

F. <u>Allowing Plaintiff to Proceed Anonymously Furthers Public Interest</u>

The Court's favor granting anonymity in these circumstances, as allowing Plaintiff to proceed anonymously, furthers the public interest. In *Doe v. Evans*, 202 F.R.D. 173 (E.D. Pa. 2001), the plaintiff requested that she be able to proceed anonymously. As here, the plaintiff in Evans was a victim of sexual assault. In considering the public interest, the court determined that "the public generally has a strong interest in protecting the identities of sexual assault victims so that other victims will not be deterred from reporting such crimes." *Id*. at 176. Plaintiff requests the same consideration here to protect her identity as she would suffer significant psychological harm if she is forced to reveal her identity to the public.

## CONCLUSION

For the reasons stated herein, Plaintiff respectfully requests that this Court grant Plaintiff's Motion for Leave to Proceed Anonymously in its entirety, and all other relief this Court deems just and appropriate.

Case 1:25-cv-02077-JPC    Document 1-1    Filed 03/13/25    Page 23 of 32

Dated: February 18, 2025

Respectfully submitted,

**CURIS LAW, PLLC**
By: */s/ Antigone Curis*
 antigone@curislaw.com
52 Duane Street, 7th Floor
New York, New York 10007
Phone: (646) 335-7220
Facsimile: (315) 660-2610


**AVA LAW GROUP**
Andrew Van Arsdale
CA Bar No. 323370
andrew.vanarsdale@avalaw.com
3667 Voltaire Street, Ste. 101
San Diego, CA 92106
Telephone: (800) 777-4141
Facsimile: (619) 222-3667

UCS-840
(rev. 12/16/2024)

# REQUEST FOR JUDICIAL INTERVENTION

**SUPREME** COURT, COUNTY OF _New York_

Index No: _152102/25_    Date Index Issued: _2/18/25_

| | For Court Use Only: |
|---|---|
| | IAS Entry Date |
| | Judge Assigned |
| | RJI Filed Date |

**CAPTION**    Enter the complete case caption. Do not use et al or et ano. If more space is needed, attach a caption rider sheet.

_Jane Doe_

Plaintiff(s)/Petitioner(s)

-against-

_Tal Alexander_

Defendant(s)/Respondent(s)

## NATURE OF ACTION OR PROCEEDING    Check only one box and specify where indicated.

### COMMERICIAL
- ○ Business Entity (includes corporations, partnerships, LLCs, LLPs, etc.)
- ○ Contract
- ○ Insurance (where insurance company is a party, except arbitration)
- ○ UCC (includes sales and negotiable instruments)
- ○ Other Commercial (specify): _____
  **NOTE:** For Commercial Division assignment requests pursuant to 22 NYCRR 202.70(d), complete and attach the **COMMERCIAL DIVISION RJI ADDENDUM (UCS-840C).**

### TORTS
- ○ Asbestos
- ○ Environmental (specify): _____
- ○ Medical, Dental or Podiatric Malpractice
- ○ Motor Vehicle
- ○ Products Liability (specify): _____
- ○ Other Negligence (specify): _____
- ○ Other Professional Malpractice (specify): _____
- ● Other Tort (specify): _GMVA_

### MATRIMONIAL
- ○ Contested
  **NOTE:** If there are children under the age of 18, complete and attach the **MATRIMONIAL RJI ADDENDUM (UCS-840M).**
  For Uncontested Matrimonial actions, use the Uncontested Divorce RJI **(UD-13).**

### REAL PROPERTY    Specify how many properties the application includes: _____
- ○ Condemnation
- ○ Mortgage Foreclosure (specify): ○Residential  ○Commercial
  Property Address: _____
  **NOTE:** For Mortgage Foreclosure actions involving a one to four-family, owner-occupied residential property or owner-occupied condominium, complete and attach the **FORECLOSURE RJI ADDENDUM (UCS-840F).**
- ○ Partition
  **NOTE:** Complete and attach the **PARTITION RJI ADDENDUM (UCS-840P).**
- ○ Tax Certiorari (specify):    Section:_____ Block:_____ Lot:_____
- ○ Tax Foreclosure
- ○ Other Real Property (specify): _____

### SPECIAL PROCEEDINGS
- ○ Child-Parent Security Act (specify): ○Assisted Reproduction  ○Surrogacy Agreement
- ○ CPLR Article 75 – Arbitration [see **NOTE** in **COMMERCIAL** section]
- ○ CPLR Article 78 – Proceeding against a Body or Officer
- ○ Election Law
- ○ Extreme Risk Protection Order
- ○ MHL Article 9.60 – Kendra's Law
- ○ MHL Article 10 – Sex Offender Confinement (specify): ○Initial  ○Review
- ○ MHL Article 81 (Guardianship)
- ○ Other Mental Hygiene (specify): _____
- ○ Other Special Proceeding (specify): _____

### OTHER MATTERS
- ○ Certificate of Incorporation/Dissolution  [see **NOTE** in **COMMERCIAL** section]
- ○ Emergency Medical Treatment
- ○ Habeas Corpus
- ○ Local Court Appeal
- ○ Mechanic's Lien
- ○ Name Change/Sex Designation Change
- ○ Pistol Permit Revocation Hearing
- ○ Sale or Finance of Religious/Not-for-Profit Property
- ○ Other (specify): _____

## STATUS OF ACTION OR PROCEEDING    Answer YES or NO for every question and enter additional information where indicated.

| | YES | NO | |
|---|---|---|---|
| Has a summons and complaint or summons with notice been filed? | ● | ○ | If yes, date filed: _____ |
| Has a summons and complaint or summons with notice been served? | ○ | ● | If yes, date served: _____ |
| Is this action/proceeding being filed post-judgment? | ○ | ● | If yes, judgment date: _____ |

## NATURE OF JUDICIAL INTERVENTION    Check one box only and enter additional information where indicated.
- ○ Infant's Compromise
- ○ Extreme Risk Protection Order Application
- ○ Note of Issue/Certificate of Readiness
- ○ Notice of Medical, Dental or Podiatric Malpractice    Date Issue Joined: _____
- ○ Notice of Motion    Relief Requested: _____    Return Date: _____
- ○ Notice of Petition    Relief Requested: _____    Return Date: _____
- ● Order to Show Cause    Relief Requested: _Temporary Restr Order_    Return Date: _____
- ○ Other Ex Parte Application    Relief Requested: _____
- ○ Partition Settlement Conference
- ○ Request for Preliminary Conference
- ○ Residential Mortgage Foreclosure Settlement Conference
- ○ Waiver of Court Costs, Fees, and Expenses
- ○ Writ of Habeas Corpus
- ○ Other (specify): _____

1 of 2

**RELATED CASES** — List any related actions. For Matrimonial cases, list any related criminal or Family Court cases. If none, leave blank.
If additional space is required, complete and attach the RJI ADDENDUM (UCS-840A).

| Case Title | Index/Case Number | Court | Judge (if assigned) | Relationship to instant case |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

**PARTIES** — For parties without an attorney, check the "Un-Rep" box and enter the party's address, phone number and email in the space provided.
If additional space is required, complete and attach the RJI ADDENDUM (UCS-840A).

| Un-Rep | Parties — List parties in same order as listed in the caption and indicate roles (e.g., plaintiff, defendant, 3rd party plaintiff, etc.) | Attorneys and Unrepresented Litigants — For represented parties, provide attorney's name, firm name, address, phone and email. For unrepresented parties, provide party's address, phone and email. | Issue Joined — For each defendant, indicate if issue has been joined. | Insurance Carriers — For each defendant, indicate insurance carrier, if applicable. |
|---|---|---|---|---|
| ☐ | Name: Jane Doe  Role(s): Plain | Cuomo Law PLLC  52 Duer St #7  NY, NY 6007 | ● YES ○ NO |  |
| ☐ | Name: Ted Shell  Role(s): Defend | MDC  80-26th St Brooklyn NY 11232 | ○ YES ● NO |  |
| ☐ | Name:  Role(s): |  | ○ YES ○ NO |  |
| ☐ | Name:  Role(s): |  | ○ YES ○ NO |  |
| ☐ | Name:  Role(s): |  | ○ YES ○ NO |  |
| ☐ | Name:  Role(s): |  | ○ YES ○ NO |  |
| ☐ | Name:  Role(s): |  | ○ YES ○ NO |  |
| ☐ | Name:  Role(s): |  | ○ YES ○ NO |  |
| ☐ | Name:  Role(s): |  | ○ YES ○ NO |  |
| ☐ | Name:  Role(s): |  | ○ YES ○ NO |  |
| ☐ | Name:  Role(s): |  | ○ YES ○ NO |  |
| ☐ | Name:  Role(s): |  | ○ YES ○ NO |  |
| ☐ | Name:  Role(s): |  | ○ YES ○ NO |  |
| ☐ | Name:  Role(s): |  | ○ YES ○ NO |  |
| ☐ | Name:  Role(s): |  | ○ YES ○ NO |  |

I AFFIRM UNDER THE PENALTY OF PERJURY THAT, UPON INFORMATION AND BELIEF, THERE ARE NO OTHER RELATED ACTIONS OR PROCEEDINGS, EXCEPT AS NOTED ABOVE, NOR HAS A REQUEST FOR JUDICIAL INTERVENTION BEEN PREVIOUSLY FILED IN THIS ACTION OR PROCEEDING.

Dated: 2/18/25

Attorney Registration Number: 5500421

Signature

Print Name

Case 1:25-cv-02077-JPC   Document 1-1   Filed 03/13/25   Page 26 of 32

*B*

*HON. LESLIE A. STROTH*

PRESENT: _____
                J.S.C.

At I.A.S. Part __12__ of the Supreme Court of the State of New York, County of New York, held at the Courthouse located at 60 Centre Street, New York, NY 10007 on the __19th__ th day of __Feb__ 2025

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

-----------------------------------------------------------------X

**JANE DOE**

                    *Plaintiff,*

      -against -

**TAL ALEXANDER,**

                    *Defendants.*

-----------------------------------------------------------------X

Index No.: 152102 __/2025__

┌─────────────────────────────┐
│   **ORDER TO SHOW**          │
│   **CAUSE FOR A**            │
│   **TEMPORARY**              │
│   **RESTRAINING**            │
│   **ORDER** ms #1            │
└─────────────────────────────┘

UPON reading and filing the annexed ~~Affirmation~~ *memorandum of law* of Antigone Curis, Esq., of CURIS LAW, PLLC., dated __Feb 18th__, 2025 and all other papers herein, including the Summons and *verified* Complaint, and upon due consideration:

LET CAUSE BE SHOWN before this court, at Part __12__ of the Supreme Court of the State of New York, County of New York, at the Courthouse located at 60 Centre Street New York, NY, *Rm 328.* on the __1__ th day of __May__, 2025, at __10:00am__, or as soon thereafter as counsel may be heard, why an Order should not be entered in this proceeding:

- Granting a Temporary Restraining Order pursuant to CPLR Section 6301, and New York common law, deeming plaintiff's use of the pseudonym **"JANE DOE"** and the caption of **"JANE DOE v. TAL ALEXANDER** to be proper in the herein case, and;

- Permitting plaintiff to proceed in this action under the pseudonym **"JANE DOE"**, and the caption to read **"JANE DOE v. TAL ALEXANDER** and;

- Directing the parties, their attorneys, and agents to refrain from publishing plaintiff's true identity, and;

- Directing that all papers filed in this action, and all judgments, orders, decisions, notices to the Court and any other document relating to the action refer to plaintiff by the pseudonym **"JANE DOE"**, and bear the caption **"JANE DOE v. TAL ALEXANDER"** and directing the County Clerk to enter and record all papers in the action under the title **"JANE DOE v. TAL ALEXANDER"**

- Granting such other relief as the court may deem just and proper.

- That the County Clerk enter the caption of the above-entitled proceeding in the current minute books and indices of actions and proceedings maintained in his office under the title of

**"JANE DOE** v. **TAL ALEXANDER"**

ORDERED, that, pending the hearing of this motion BEFORE THIS JUSTICE TO BE ASSIGNED, the Clerk of this Court, upon payment of the proper fees, be as in hereby directed to assign an index number to this proceeding, and to accept for filing a Request for Judicial Intervention ("RJI") bearing the following caption, namely:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------------------------X

JANE DOE

Plaintiff,

-against -

TAL ALEXANDER,

Defendant.

------------------------------------------------------------X

ORDERED, that the County Clerk maintain the caption of the above-entitled proceeding for plaintiff under the pseudonym "JANEDOE," pursuant to New York common law and statutory law, which affords sex assault victims the right to privacy pending a hearing.

ORDERED, that service of a copy of this order on defendants, by overnight service, together with the papers upon which it is granted, on or before the _____24th_____ day of _____Februrary_____, 20_25_, be deemed good and sufficient service.

ORDERED, that opposition, if any, is due on or before the _____14th_____ day of_____April_____, 20_25;_ .

ORDERED, that reply papers, if any, are due on or before the _____ day of _____

ENTER :

~~ENTER:~~

_____
J.S.C  SO ORDERED

Dated: 2/19/25

HON. LESLIE A. STROTH, J.S.C.

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

| | |
|---|---|
| JANE DOE<br>Plaintiff(s), | ATTORNEY: CURIS LAW, PLLC |
| vs. | INDEX NUMBER: 152102/2025 |
| TAL ALEXANDER et al<br>Defendant(s). | DATE OF FILING: |

COURT DATE: 03/01/2025

## AFFIDAVIT OF SERVICE

STATE OF New York: COUNTY OF NEW YORK   ss:

I, Mykhailo Barabash, being duly sworn deposes and says deponent is not a party to this action and is over the age of eighteen years and resides in the state of New York.

That on **2/21/2025** at **10:01 AM** at **345 Adams Street, 5th Floor, Brooklyn, NY 11201,**
Deponent served the **Order to Show Cause for a Temporary Restraining Order herein dated February 19, 2025, Summons and Verified Complaint, Memorandum of law in Support of Plaintiff's Motion to Proceed Anonymously, Request for Judicial Intervention, Notice of Electronic Filing** upon **TAL ALEXANDER, INMATE # 50978-511 c/o Kings County Sheriff's Office,** defendant/respondent/recipient herein.

Said service was effected in the following manner;

By delivering to and leaving a true copy to **Officer Matos #502** personally for **TAL ALEXANDER, INMATE # 50978-511 c/o Kings County Sheriff's Office**.

Deponent describes the individual served to the best of deponent's ability at the time and circumstances of service as follows: Sex: **Male** Skin: **Brown** Hair: **Black** Age (Approx): **32** Height(Approx): **5'10"** Weight(Approx): **160-170 lbs** Glasses: **No** Other:

I certify that the foregoing statements made by me are true, correct and my free act and deed. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Sworn to before me this

February____26____ 2025

                         Mykhailo Barabash
                         License No. 2123913

ALEXANDER JAMES
NOTARY PUBLIC, STATE OF NEW YORK
REGISTRATION NO. 01JA6029931
QUALIFIED IN NASSAU COUNTY
COMMISSION EXPIRES AUGUST 30, 2025

Executive Attorney Service, Inc. 100 Crossways Park Dr W, Ste 402, Woodbury, NY 11797 5162261073 Lic# 1422060
Case No: 1719910

1 of 1

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF** ___NEW YORK___

## STATEMENT OF AUTHORIZATION FOR
## ELECTRONIC FILING
### (Managing Attorney Authorizing Individual Filing Agent)

I, ___Antigone Curis___, Esq., ( Attorney Registration No. ___) am the managing attorney of/attorney in charge of e-filing for ___Curis Law, PLLC___ _____ (the "Firm"). I hereby acknowledge and represent that the attorneys in the Firm who are authorized users of the NYSCEF system hereby authorize ___Executive Attorney Service___ ("the filing agent") to utilize his/her NYSCEF filing agent ID to file documents on their behalf and at their direction in any e-filed matter in which they are counsel of record through NYSCEF, as provided in Section 202.5-b of the Uniform Rules for the Trial Courts.

This authorization extends to any consensual matter in which these attorneys have previously consented to e-filing or may hereafter consent, to any mandatory matter in which they have recorded their representation, and to any matter in which they authorize the filing agent to record consent or representation in the NYSCEF system.

This authorization extends to any and all documents these attorneys generate and submit to the filing agent for filing in any such matter. This authorization, posted once on the NYSCEF website as to each matter in which these attorneys are counsel of record, shall be deemed to accompany any document in that matter filed by the filing agent on behalf of these attorneys.

This authorization also extends to matters of payment, which the filing agent may make either by debiting an account the filing agent maintains with the County Clerk of any authorized e-filing county or by debiting an account the Firm maintains with the County Clerk of any authorized e-filing county.

This authorization regarding this filing agent shall continue until the Firm revokes the authorization in writing on a prescribed form delivered to the E-Filing Resource Center.

Dated: ___2/2/21___

___Antigone Curis___
Signature

___New York, NY 10007___
City, State and Zip Code

___Antigone Curis___
Print Name

___(646) 335-7220___
Phone

| Curis Law, PLLC | antigone@curislaw.com |
|---|---|
| Firm/Department | E-Mail Address |

| 52 Duane Street |
|---|
| Street Address |

(6/6/13)

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

JANE DOE
Plaintiff(s),

vs.

TAL ALEXANDER et al
Defendant(s).

ATTORNEY: CURIS LAW, PLLC

INDEX NUMBER: 152102/2025

DATE OF FILING:

COURT DATE: 03/01/2025

## AFFIDAVIT OF MAILING

STATE OF New York: COUNTY OF Nassau    ss:

I, Lori Goldner, being duly sworn deposes and says deponent is not a party to this action and is over the age of eighteen years and resides in the state of New York.

On **02/20/2025**, I served a true copy of the **Order to Show Cause for a Temporary Restraining Order herein dated February 19, 2025, Summons and Verified Complaint, Memorandum of law in Support of Plaintiff's Motion to Proceed Anonymously, Request for Judicial Intervention, Notice of Electronic Filing** by mailing the same in a sealed envelope by First Class Overnight Mail 9470136208326274355696, with postage prepaid thereon, in a post office or official depository of the United States Postal Service within the State of New York, addressed to the last known address of the addressee(s) as indicated below:

TAL ALEXANDER, INMATE # 50978-511
c/o  Metropolitan Detention Center (MDC), 80 29th Street, Brooklyn, NY 11232

The envelope bore the Legend "Personal & Confidential" and did not indicate on the outside thereof, by return address or otherwise, that the communication was from an attorney or concerned an action against the addressee(s).

I certify that the foregoing statements made by me are true, correct and my free act and deed. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Lori Goldner

Sworn to before me this

February ⅟27 2025

ALEXANDER JAMES
NOTARY PUBLIC, STATE OF NEW YORK
REGISTRATION NO. 01JA6029931
QUALIFIED IN NASSAU COUNTY
COMMISSION EXPIRES AUGUST 30, 2025

Executive Attorney Service, Inc. 100 Crossways Park Dr W, Ste 402, Woodbury, NY 11797 5162261073 Lic# 1422060
Case No: 1719909

1 of 1