UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JANE DOE,<br><br>     Plaintiff,<br><br>    v.<br><br>TAL ALEXANDER,<br><br>     Defendant. | Case No.: 25-CV-2077 (JPC)<br><br>*Oral Argument Requested* |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
DEFENDANT TAL ALEXANDER'S MOTION TO DISMISS AND
MOTION TO STRIKE CERTAIN PORTIONS OF THE COMPLAINT**

WALDEN MACHT HARAN & WILLIAMS LLP
250 Vesey Street, 27th Floor
New York, NY 10281
Tel: (212) 335-2030

Milton L. Williams
Daniel A. Cohen
Deanna M. Paul
mwilliams@wmhwlaw.com
dcohen@wmhwlaw.com
dpaul@wmhwlaw.com

*Attorneys for Defendant Tal Alexander*

**TABLE OF CONTENTS**

**Pages**

PRELIMINARY STATEMENT ...................................................................................................1

ARGUMENT ...................................................................................................................................2

I.  THE COURT SHOULD DISMISS PLAINTIFF'S VGMVPL CLAIM ............................2

    A.  New York State Law Occupies the Field................................................................2

    B.  The VGMVPL Conflicts with State Law.................................................................7

II. THE COURT SHOULD STRIKE IRRELEVANT AND PREJUDICIAL ALLEGATIONS FROM THE COMPLAINT ..................................................................10

CONCLUSION................................................................................................................................11

# **TABLE OF AUTHORITIES**

**Pages**

**Cases**

*Albany Area Builders Ass'n v. Town of Guilderland*,
 74 N.Y.2d 372 (1989) .................................................................................................... 3, 4

*Breest v. Haggis*,
 180 A.D.3d 83 (1st Dep't 2019) ......................................................................................... 10

*Ctr. for Indep. of Disabled v. Metro. Transportation Auth.*,
 184 A.D.3d 197 (1st Dep't 2020) ......................................................................................... 3

*DJL Rest. Corp. v. City of New York*,
 96 N.Y.2d 91 (2001) ...................................................................................................... 2, 3

*Doe v. Black*,
 2024 WL 4335453 (S.D.N.Y. Sept. 27, 2024) ................................................................. 5, 6

*Doe v. New York City Board of Education*,
 669 F. Supp. 3d 160 (E.D.N.Y. 2024) ................................................................................. 4

*G-1 Holding, Inc. v. Baron & Budd*,
 238 F. Supp. 3d 521 (S.D.N.Y. 2002) .......................................................................... 10, 11

*Ganieva v. Black,*
 216 A.D.3d 424 (1st Dep't 2023) ....................................................................................... 10

*Garcia v. New York City Dep't of Health & Mental Hygiene*,
 31 N.Y.3d 601 (2018) ........................................................................................................ 7

*Hopkins v. Lincoln Trust Co.*,
 233 N.Y. 213 (1922) ........................................................................................................... 5

*Hymowitz v. Eli Lilly & Co.*,
 73 N.Y.2d 487 (1989) ......................................................................................................... 4

*In re World Trade Ctr. Lower Manhattan Disaster Site Litig.*,
 30 N.Y.3d 377 (2017) ......................................................................................................... 9

*J.S.M. v. City of Albany Dep't of Gen. Servs.*,
 83 Misc. 3d 1082 (N.Y. Sup. Ct. 2024) .............................................................................. 4

*Jones v. Cattaraugus-Little Valley Cent. Sch. Dist.*,
 No. 107, 2025 WL 554454 (N.Y. Feb. 20, 2025) ................................................................ 9

*Lansdown Ent. Corp. v. New York City Dep't of Consumer Affs.*,
 74 N.Y.2d 761 (1989) ......................................................................................................... 7

*Mayor of City of New York v. Council of City of New York,*
 4 Misc. 3d 151 (Sup. Ct. 2004) .......................................................................................... 3

*Moreira v. Societe Generale, S.A.*,
 125 F. 4th 371 (2d Cir. 2025) .......................................................................................... 8, 9

*Parker v. Alexander*,
   No. 24-CV-4813, 2025 WL 268436 (S.D.N.Y. Jan. 22, 2025) ......................................... passim

*Parker v. Alexander*,
   No. 25-487 (2d Cir.) ............................................................................................................ 2

*PC-41 Doe v. Poly Prep Country Day Sch.*,
   590 F. Supp. 3d 551 (E.D.N.Y. 2021) ................................................................................. 5

*People v. Diack*,
   24 N.Y.3d 674 (2015) ...................................................................................................... 4, 6

*People v. Torres*,
   37 N.Y.3d 256 (2021) ......................................................................................................... 7

*Police Benevolent Ass'n of City of New York, Inc. v. City of New York*,
   40 N.Y.3d 417 (2023) ......................................................................................................... 3

*Regina Metro. Co., LLC v. New York State Div. of Hous. & Cmty. Renewal*,
   35 N.Y.3d 332 (2020) ......................................................................................................... 5

*Segal v. New York Mil. Acad.*,
   No. 21-CV-6872, 2023 WL 5211220 (S.D.N.Y. Aug. 14, 2023) ........................................ 4

*Tanges v. Heidelberg N.A., Inc.*,
   93 N.Y.2d 48 (1999) ........................................................................................................... 9

*Toto v. McMahan, Brafman, Morgan & Co.*,
   1995 WL 46691 (S.D.N.Y. Feb. 7, 1995) ......................................................................... 11

*Wilkie v. Vill. of Hempstead*,
   No. 22-CV-920, 2023 WL 5952056 (E.D.N.Y. June 20, 2023) ......................................... 4

**Statutes**

N.Y. C.P.L.R. § 208(b) .............................................................................................................. 6

N.Y. C.P.L.R. § 214-g .......................................................................................................passim

N.Y. C.P.L.R. § 214-j ..................................................................................................... 3, 4, 6, 8

N.Y. Gen. Mun. L. 50-i (5) ........................................................................................................ 6

N.Y. Penal L. Article 130 ..................................................................................................passim

**Rules**

22 N.Y.C.R.R. § 202.72 ............................................................................................................. 6

Fed. R. Civ. P. 12(b) .................................................................................................................. 1

Fed. R. Civ. P. 12(f) ............................................................................................................. 1, 11

Defendant Tal Alexander ("Defendant") respectfully submits this reply memorandum of law in support of his motion (1) pursuant to Federal Rule of Civil Procedure 12(b) for an order dismissing the First Cause of Action in the Complaint, and (2) pursuant to Federal Rule of Civil Procedure 12(f) for an order striking scandalous allegations from the Complaint.

## PRELIMINARY STATEMENT

The New York State legislature created a tailored window to bring time-barred claims alleging violations of Article 130. By adopting the Child Victims Act ("CVA"), CPLR § 214-g, and the Adult Survivor Act ("ASA"), the Legislature intended to occupy the field and adopted a comprehensive scheme to do so, thereby preempting the 2022 amendment to the Victims of Gender-Motivated Violence Protection Law ("2022 VGMVPL Amendment"). Plaintiff filed her complaint nearly 15 months after the deadlines set by state law. Consistent with settled principles of the preemption doctrine and this Court's decision in *Parker v. Alexander*, No. 24-CV-4813, 2025 WL 268436 (S.D.N.Y. Jan. 22, 2025), Plaintiff's VGMVPL claim is time-barred and cannot be revived by the 2022 VGMVPL Amendment.

Plaintiff opposes this result by arguing that the State and City legislation do not conflict and that only the alleged "victim's" rights matter. In reality, revival is a *sui generis* form of legislation that balances several competing concerns, including the: (1) ability of victims to seek redress; (2) burden on the courts; (3) loss of evidence over time; (4) due process rights of persons sought to be held liable long after the fact; and (5) ability of all citizens to enjoy repose after some defined period. Here, the Legislature struck that balance in a deliberate, purposeful way: the CVA and ASA collectively occupy the field of all possible victims; create limited revival windows; and adopt language of repose—*i.e.*, confer a right *not* to be hauled into court after the revival windows close.

Separately, Plaintiff's Opposition resorts to the same tactics that are the subject of Defendant's motion to strike, including prejudicial and inflammatory allegations about Defendant's behavior with *other* women—including that he has been charged in a criminal indictment for sexual-related conduct. These claims, which are well beyond the four corners of the Complaint, are completely irrelevant to the issues before this Court and should be stricken.

## ARGUMENT

### I.     THE COURT SHOULD DISMISS PLAINTIFF'S VGMVPL CLAIM

Plaintiff's claims accrued in November 2014, when the alleged rape occurred. Plaintiff does not dispute that under the seven-year VGMVPL statute of limitations, the time to seek relief under the VGPVML expired in 2021. Thus, unless the 2022 VGMVPL Amendment revived the claim, relief under the VGMVPL is foreclosed.

That issue turns on whether the New York State Legislature's adoption of the CVA and ASA preempts City legislation concerning the same subject matter, *i.e.*, revival of time-barred claims alleging violations of Article 130. Such preemption can arise in either of two ways: field preemption or conflict preemption. Here, as Judge Kaplan held, both grounds apply.[1]

### A.     New York State Law Occupies the Field

As Defendant's motion notes, the New York State Legislature can occupy a field expressly (by so stating) or impliedly. ECF 12; *see also DJL Rest. Corp. v. City of New York*, 96 N.Y.2d 91, 95 (2001). A state legislature's intent to occupy a field to the exclusion of local legislation can be implied from its "enactment of a comprehensive and detailed regulatory scheme in a particular area, or from the nature of the subject matter being regulated and the purpose and scope of the

---

[1] An appeal before the Second Circuit is pending in *Parker*. However, a briefing schedule has not yet been set. *See Parker v. Alexander*, No. 25-487 (2d Cir.).

state legislative scheme, including the need for state-wide uniformity in a given area." *Police Benevolent Ass'n of City of New York, Inc. v. City of New York*, 40 N.Y.3d 417, 423-24 (2023) (internal quotations omitted).[2]  Where the State Legislature enacts such a scheme, a local government cannot pass law concerning the same subject without explicit authority to the contrary. *DJL Rest. Corp.,* 96 N.Y.2d at 95 ("In that event, a local government is precluded from legislating on the same subject matter unless it has received clear and explicit authority to the contrary.") (internal quotations omitted).[3]

As Judge Kaplan held, the CVA and ASA taken together "constitute a comprehensive and detailed regulatory scheme." *Parker*, 2025 WL 268436, at *2. And, as Defendant's motion demonstrated, several considerations establish the State's legislative intent to occupy the field, thereby preempting the 2022 VGMVPL Amendment. *See* ECF 12.

*First*, both statutes specifically state that their revival provisions apply "[n]otwithstanding *any* provision of law which imposes a period of limitation to the contrary." CPLR §§ 214-g, 214-j (*emphasis* added); such language aims to preclude further local regulation on the subject. *Second,* the CVA and ASA, are comprehensive: taken together, the plain language of these laws literally revives every claim where the conduct that caused injury amounted to a sexual offense under

---

[2] *See also DJL Rest. Corp.,* 96 N.Y.2d at 95 (holding that field preemption may be implied where the state legislature "has enacted a comprehensive and detailed regulatory scheme in a particular area"); *Ctr. for Indep. of Disabled v. Metro. Transportation Auth.*, 184 A.D.3d 197, 203 (1st Dep't 2020) ("The State's intent to preempt the field may be implied from the nature of the subject matter being regulated as well as the purpose and scope of the state legislative scheme involved, including the need for state-wide uniformity in a particular field or issue.").

[3] *Albany Area Builders Ass'n v. Town of Guilderland,* 74 N.Y.2d 372, 377 (1989) ("Where the State has preempted the field, a local law regulating the same subject matter is deemed inconsistent with the State's transcendent interest, whether or not the terms of the local law actually conflict with a State-wide statute."); *Mayor of City of New York v. Council of City of New York,* 4 Misc. 3d 151, 162 (Sup. Ct. 2004) (concluding a local law that addressed "virtually the identical activity regulated by" state law was preempted in its entirety).

Article 130 of the New York Penal Law,[4] and covers persons both under and over the age of eighteen at the time of the offense. *Id.* Both the CVA and ASA (and the CPLR sections they created) apply to "every civil claim or cause of action" and apply to "any party alleging intentional or negligent acts." *Id*. The statutes' references to "negligent" acts demonstrate not only that they were intended to be broader than merely allowing suits for the sexual offenses themselves, but also to provide for redress against both an abuse and the abuser's enablers. *See J.S.M. v. City of Albany Dep't of Gen. Servs.*, 83 Misc. 3d 1082, at *4-5 (N.Y. Sup. Ct. 2024).

*Third*, intent to occupy a field can be inferred "from the nature of the subject matter being regulated and the purpose and scope of the State legislative scheme, including the need for State-wide uniformity in a given area."[5] *People v. Diack*, 24 N.Y.3d 674, 679 (2015) (quoting *Albany Area Builders Ass'n v. Town of Guilderland*, 74 N.Y.2d 372, 377 (1989)).  The Legislature

---

[4] The CVA and ASA apply to approximately 20 crimes that are set forth in the New York Penal Law's sections on sex crimes (Article 130), including sexual assault, forcible touching, sexual abuse, and rape. However, nothing in the statutes requires that the cause of action include a sexual offense as a necessary element, so long as a sexual offense is the conduct that caused injury in this case. Courts have allowed CVA and ASA cases alleging intentional torts and causes of action under the Human Rights Law to proceed. *See, e.g., Doe v. New York City Board of Education*, 669 F. Supp. 3d 160, 165 (E.D.N.Y. 2024) ("[T]he plain language of the CVA embraces these civil claims [brought under the Human Rights Law]. The CVA revives 'every civil claim or cause of action,' language that definitively encompasses the NYSHRL and NYCHRL."); *Segal v. New York Mil. Acad.*, No. 21-CV-6872, 2023 WL 5211220, at *6 (S.D.N.Y. Aug. 14, 2023) (denying a motion to dismiss state law discrimination claims because they were not covered by the CVA); *Wilkie v. Vill. of Hempstead*, No. 22-CV-920, 2023 WL 5952056, at *7 (E.D.N.Y. June 20, 2023) ("[T]he ASA covers civil claims related to intentional torts -- false arrest/imprisonment -- that were suffered 'as a result of conduct' that otherwise would be a sexual offense under N.Y. Penal L. § 130.").

[5] Likewise, New York State courts have long rejected due process and as-applied challenges to claim revival statutes, further underscoring the need for uniform state-wide rules. *See Hymowitz v. Eli Lilly & Co.*, 73 N.Y.2d 487, 515 (1989) ("[T]he Legislature properly determined that it would be more fair for all plaintiffs to uniformly now have one year to bring their actions, rather than for the courts to begin drawing arbitrary lines transecting this area's shades of gray."); *J.S.M.*, 83 Misc. 3d 1082, at *3 (N.Y. Sup. Ct. 2024) ("[T]he Legislature may reasonably choose to impose an across-the-board rule reviving untimely claims as to all defendants.").

4

typically acts with care and clarity when interfering with the strong public policy favoring finality, predictability, and fairness served by statutes of limitations, because revival is "an extreme exercise of legislative power" that requires careful balancing with defendants' due process rights. *Regina Metro. Co., LLC v. New York State Div. of Hous. & Cmty. Renewal*, 35 N.Y.3d 332, 372 (2020) (quoting *Hopkins v. Lincoln Trust Co.*, 233 N.Y. 213, 215 (1922); *PC-41 Doe v. Poly Prep Country Day Sch.*, 590 F. Supp. 3d 551, 564-65 (E.D.N.Y. 2021) (discussing length of revival window). Significantly, prior to passing the ASA, the State Legislature extended the CVA lookback window from one to two years. It also adopted the ASA four months after the City adopted the 2022 VGMVPL Amendment. As Judge Kaplan noted, the State Legislature could have adopted a carve-out provision for the VGMVPL expressly (by so stating) or impliedly (by excluding only more restrictive statutes of limitations); it chose not to. *Parker* 2025 WL 268436 at *3.

Plaintiff's arguments against preemption are unpersuasive.

Plaintiff urges the Court to follow the more favorable decision in *Doe v. Black*, 2024 WL 4335453 (S.D.N.Y. Sept. 27, 2024). Ultimately, the Second Circuit will have to resolve any conflict among the District Courts. A critical difference in the two decisions, however, is that *Black* focused solely on the CVA, and did not address whether the CVA and the ASA, <u>taken together</u>, establish a comprehensive scheme addressing the revival of all time-barred civil claims arising from violations of Article 130. *Parker*, 2025 WL 268436, at *4. As *Parker* noted, *Black* also did not address (i) the <u>conflicting</u> time windows (discussed below); (ii) the plain language of the CVA and ASA, which expressly apply to <u>all</u> civil claims and causes of action arising from sexual offenses, "[n]otwithstanding <u>any</u> provision of law <u>which imposes a limitation to the contrary</u>"; and (iii) the State Legislature's stated intention to create "a <u>limited</u> window when stale

5

claims may be pursued." *Id.* (emphasis in original). Defendant respectfully submits that *Parker* provides the correct analysis.

It is essential to look at an entire body of legislation when examining field preemption, yet Plaintiff offers a variation of the *Black* decision, arguing that the ASA standing alone does not show "that the legislature <u>intended to fully control the field</u> of sexual misconduct statutes of limitations." ECF 23 at 10 (emphasis added). That argument ignores the preemptive effect of the ASA and the CVA taken together and misstates the relevant field, which is the <u>revival of civil claims</u> arising from violations the sexual offenses codified in Article 130. The argument additionally omits the State's continuing regulation of the revival of claims derived from violations of Article 130 of the New York Penal Law.[6] *See People v. Diack*, 24 N.Y.3d 674, 679-80 (2015) ("[I]t is clear from the State's continuing regulation . . . that its purpose and design is to preempt [] legislation and to occupy the entire field so as to prohibit local governments from doing so.") (internal quotations omitted).

Following *Black*, Plaintiff also argues that the State legislation cannot be preemptive because it is not "broad and detailed in scope," but rather regulates a very narrow field with very few statutes. ECF 23 at 12. But that is not determinative of field preemption. The question

---

[6] In addition to their claim-revival provisions, the CVA and ASA accomplished other related ends. For example, the CVA removed the requirement that child sexual abuse claims against municipalities be brought within one year and 90 days, N.Y. Gen. Mun. L. 50-i (5), and created CPLR § 208(b), which extended the infancy tolling of the statute of limitations for certain child sex abuse crimes from age 18 to age 55. CPLR § 208(b). The Legislature also established dedicated court parts to adjudicate claims under the CVA, required special training of judges, and provided trial preference for older abuse victims. *See* 22 NYCRR § 202.72. The ASA also granted trial preference to ASA actions and directed the courts' Chief Administrator to ensure revived actions were adjudicated in a timely manner. *See* ECF 13-5. Even after the CVA and ASA were enacted, New York State lawmakers have continued to legislate in this precise field. For example, in March 2023, members of the New York State Legislature proposed a bill amending the civil practice law to remove the statute of limitations in civil actions involving certain child sexual assault offenses. *See* N.Y. S. B. 2023-S.6099B.

remains whether the State legislation occupies the field, however narrow. The State Legislature addressed an important subject matter of significant public concern—revival of claims of alleged sexual offenses; the legislation covers "every civil claim or cause of action" constituting a sex crime, and regulates "[n]otwithstanding any law which imposes a statute of limitation to the contrary," *i.e.*, the entire field; and the legislation provides all the necessary detail to regulate that field, by establishing opening and closing dates for the revival window.

Finally, Plaintiff argues that recognizing the state legislation's preemptive effect would frustrate the City's legislative intent in adopting the 2022 VGMVPL Amendment. But the City's legislative intent, while relevant to issues of statutory construction, has no relevance to the issue of State preemption. What matters is what the State intended, and what the State legislated. The City simply cannot legislate in a field that the State has occupied.

### B.    The VGMVPL Conflicts with State Law

Conflict preemption applies where "there is a head-on collision between" state and local law. *Lansdown Ent. Corp. v. New York City Dep't of Consumer Affs.*, 74 N.Y.2d 761, 764 (1989). A "a local law [is] invalid pursuant to the conflict preemption doctrine" if "the State … specifically permits the conduct the local law prohibits or provide[s] 'some other indication that deviation from state law is prohibited.'" *People v. Torres*, 37 N.Y.3d 256, 268 (2021) (quoting *Garcia v. New York City Dep't of Health & Mental Hygiene*, 31 N.Y.3d 601, 617-18 (2018)). As Defendant's motion showed, there is a head-on collision between the revival window created by the VGMVPL on one hand, and the ASA (and the CVA) on the other. As relevant here, the ASA revival window opened on November 24, 2022, yet the 2022 VGMVPL Amendment allowed for the commencement of claims "not earlier than six months after . . . September 1, 2022," *i.e.*, March 1, 2023. N.Y.C. Admin. Code § 10-1105.

More importantly, the 2022 VGMVPL Amendment permits the revival of sexual offense-based claims expressly foreclosed by the ASA and the CVA. Under the latter statutes, claims for child victims "may be commenced … <u>not later than</u>" August 14, 2021, while claims for adult victims "may be commenced … <u>not later than</u>" November 22, 2022. CPLR §§ 214-g (emphasis added), 214-j (emphasis added); *see also* 2019 N.Y. Sess. Laws ch. 11, § 3. Yet the 2022 VGMVPL Amendment permitted revival of claims arising from violation of the same penal statutes, for both child and adult victims, until February 28, 2025.

Plaintiff argues "there is no conflict between the two laws," *i.e.*, the ASA and the 2022 VGMVPL Amendment. Plaintiff argues that conflict preemption exists only "when a right or benefit is expressly given by State law which has then been curtailed or taken away by the local law." ECF 23 at 12 (citation omitted). Plaintiff then argues that no right or benefit was taken away, and there is no head-on collision because the two statutes further the same goals. *Id.* at 13. Those arguments do not withstand scrutiny.

The head-on conflict is clear: the City legislation permits revival of a claim for several months after the revival period created by the State legislation for the same claim has ended. Further, that head-on conflict directly removes a right or benefit—the right of <u>repose</u> created by the carefully-crafted State legislation that provided a "limited" revival period.

Statutes of repose "protect a <u>defendant's</u> right, granted by the legislature, to be free from liability after a legislatively determined period of time." *Moreira v. Societe Generale, S.A.*, 125 F. 4th 371, 388 (2d Cir. 2025) (internal punctuation and citations omitted; emphasis in original). The words included in the State statutes—"may not be brought" and "may be brought not later than"—are language of repose. *Id.*

The New York Court of Appeals recognizes this concept. In *Tanges v. Heidelberg N.A., Inc.*, 93 N.Y.2d 48 (1999), the Court was asked to determine whether a Connecticut law regulating when certain statutorily-defined product liability claims could be brought was itself procedural or substantive. In analyzing the statute, the Court noted that the provision that no such claim "may be brought against any party later than ten years from the date that the party last parted with possession or control of the product" was a "provision[] of repose." *Id.* at 55 (internal quotation marks and citations omitted; emphasis added).

More recently, in analyzing the nature of the six-month "waiting period" preceding the CVA revival window, the Court stated: "The CVA's six-month waiting period does not embody a period of repose … nor is it designed to protect defendants," but rather was designed "to enable the court system to meet the special issues that the ensuing litigation was likely to generate." *Jones v. Cattaraugus-Little Valley Cent. Sch. Dist.*, No. 107, 2025 WL 554454, at *2 (N.Y. Feb. 20, 2025) . The Court did not have occasion to address the language surrounding when the revival window ends.

As to the latter question, however, the Legislature clearly did enact a "provision of repose" by adopting language of repose—*i.e.*, that a claim "may be commenced … not later than," which is functionally equivalent to *Moreira's* "may be brought not later than." And that end date clearly was designed to protect defendants from liability after the statutorily determined period, by creating a "limited window when stale claims may be pursued." *Parker,* 2025 WL 268436, at *4 (internal quotation marks and citations omitted; emphasis in original). Indeed, the adoption of a limited window with a defined end date is a critical factor in satisfying defendants' due process concerns. *In re World Trade Ctr. Lower Manhattan Disaster Site Litig.*, 30 N.Y.3d 377, 400 (2017) ("in each case, the legislature's revival of the plaintiff's claims for a limited period of time

9

was reasonable in light of that injustice") (emphasis added).  The 2022 VGMVPL Amendment thus directly and impermissibly conflicts with the State legislation.

## II. THE COURT SHOULD STRIKE IRRELEVANT AND PREJUDICIAL ALLEGATIONS FROM THE COMPLAINT

Defendant's motion identified highly prejudicial allegations in the Complaint that were included solely to inflame the reader.  These   These allegations—Compl. ¶¶ 2, 4, 5, 10, 11, and 24—do not describe Defendant's alleged conduct vis-à-vis-Plaintiff and "have no real bearing" on whether Defendant assaulted Plaintiff.  *G-1 Holding, Inc. v. Baron & Budd*, 238 F. Supp. 3d 521, 555 (S.D.N.Y. 2002); *see also Ganieva v. Black,* 216 A.D.3d 424, 425 (1st Dep't 2023) (holding that the court should have granted defendant's motion to strike inflammatory factual allegations that detailed misconduct toward other women because they "were scandalous and prejudicial, and not necessary to establish any element of plaintiff's" VGMVPL claim); *Breest v. Haggis*, 180 A.D.3d 83, 95 (1st Dep't 2019) (striking from the complaint allegations that other women had accused defendant of sexual violence because they "serve no purpose at this juncture and tend to prejudice defendant" and noting that "these additional allegations are not necessary to prove animus" in alleged sexual assault or rape cases under the VGMVPL).  Instead, they purport to assert as fact unproven allegations regarding his conduct with other (unidentified) women,

Now, Plaintiff further suggests that such allegations are relevant because Defendant's criminal indictment is "a matter of public record," or may be relevant at trial.  ECF 23 at 14-15. Neither contention passes legal muster.  What is of record is that Defendant and his two brothers have been publicly charged in an indictment, not that he committed the crimes therein.  What evidence will be admitted at trial is a determination to be made at trial.  In the meantime, "whether the jury should be made aware of [allegations in] indictments" is "a matter more suited to being decided by a Judge during trial."  *Toto v. McMahan, Brafman, Morgan & Co.*, 1995 WL 46691,

10

at *16 (S.D.N.Y. Feb. 7, 1995).  At this stage, such unproven allegations of criminal conduct against third parties "will likely prejudice the movant" if shown to the jury, warranting grant of Defendant's Rule 12(f) motion.  *G-1 Holding, Inc.*, 238 F. Supp. at 555. Because the references fundamentally present as fact what are essentially charges in an unproven indictment, they should be stricken.  *Toto*, 1995 WL 46691 at *17.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court grant his motion and dismiss the First Cause of Action or, alternatively, grant his motion to strike.

Dated: New York, New York
April 16, 2025

Respectfully submitted,

**WALDEN MACHT HARAN & WILLIAMS LLP**

By: *[signature]*

Milton L. Williams
Daniel A. Cohen
Deanna M. Paul
250 Vesey Street, 27th Floor
New York, New York 10281
Tel: (212) 335-2963
mwilliams@wmhwlaw.com
dcohen@wmhwlaw.com
dpaul@wmhwlaw.com

*Attorneys for Defendant Tal Alexander*

## CERTIFICATE OF WORD COUNT COMPLIANCE

The undersigned counsel of record for Defendant Tal Alexander certifies that the foregoing brief complies with the 3,500-word limit set forth in Rule 7.1(c) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York. The foregoing brief contains 2,917 words, excluding those portions of the brief excluded from the count by Rule 7.1(c), according to the Word Count feature on Microsoft Word.

Dated: New York, New York
April 16, 2025

_____
Milton L. Williams