

250 Vesey Street
27th Floor
New York, NY 10281

wmhwlaw.com
T: 212-335-2030
F: 212-335-2040

April 17, 2025

**Via ECF**
Hon. John Cronan
United States District Judge
Southern District of New York
500 Pearl Street, Room 1320
New York, NY 10007
CronanNYSDChambers@nysd.uscourts.gov

> *Re:* *Jane Doe v. Tal Alexander*, Case No. 25-CV-2077

Dear Judge Cronan:

We represent Defendant Tal Alexander in the above-captioned matter and write pursuant to Rule 1(a) of Your Honor's Individual Rules and Practices in Civil Cases to request a stay of civil proceedings pending the outcome of Mr. Alexander's criminal case. Counsel for Plaintiff does not object to a stay of discovery. In support of the application, we respectfully state as follows:

Background

On December 11, 2024, Mr. Alexander was indicted by the Southern District of New York on related charges. *See U.S. v. Alexander*, No. 25-CR-676 (VEC) (S.D.N.Y. Dec. 11, 2024). This case, which is currently pending in this Court, is scheduled for trial in January 2026. Mr. Alexander is currently incarcerated and his bail application was denied, which imposes an even greater burden on preparing for his criminal trial and simultaneously defending against civil complaints, particularly discovery proceedings.

Legal Standard

The Court has inherent power to "defer civil proceedings pending the completion of parallel criminal prosecutions when the interests of justice seemed to require such action, sometimes at the request of the prosecution, sometimes at the request of the defense." *United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970); *see also Sec. & Exch. Comm'n v. Dresser Indus., Inc.*, 628 F.2d 1368, 1375 (D.C. Cir. 1980) ("[A] court may decide in its discretion to stay civil proceedings, postpone civil discovery, or impose protective orders and conditions…"); *Sec. & Exch. Comm'n v. Pirello*, No. 23-CV-8953, 2024 WL 456828, at *4 (E.D.N.Y. Feb. 5, 2024) ("A district court is well within its discretion to stay [ ] civil proceedings when the interests of justice ... require such action.") (internal quotations omitted).

Courts in this jurisdiction consider several factors in determining whether it is appropriate to stay a civil case, including the following: (1) the extent to which the issues in the criminal case

overlap with those presented in the civil case; (2) the status of the case, including whether the defendant has been indicted; (3) the interests of the plaintiffs in proceeding expeditiously, weighed against the prejudice to plaintiffs caused by a delay; (4) the private interests of and burden on the defendant; (5) the public interest; and (6) the interest of the Court in the efficient management of cases. *Louis Vuitton Malletier S.A. v. LY USA, Inc*., 676 F.3d 83, 99 (2d Cir. 2012).

Application

Application of the above factors warrants grant of a stay.

*Overlap* (Factor #1). The issues in this case and the criminal case substantially overlap. Defendant is accused of committing a variety of sexual offenses. The Complaint (which is the subject of a pending motion to dismiss the First Cause of Action, as well as a motion to strike and a motion to remand) alleges that Plaintiff is a victim of the type of conduct alleged in the criminal action and her Complaint. Thus, if the case progresses and proceeds to discovery, Plaintiff will seek discovery from Defendant (and perhaps third parties) surrounding the very same issues as the criminal case.

*Status of Criminal Case, Balancing of Interests, Burden to Defendant* (Factors #2, #3, #4). The "criminal proceedings have substantially progressed beyond the investigatory stage" and there is "an imminent likelihood" that Mr. Alexander will be subject to a trial in the near future; these factors warrant a stay. *Corcoran Law Group, L.L.C. v. Posner*, 2009 WL 1739702, at * 1 (S.D.N.Y. Jun. 10, 2009); *Parker v. Dawson,* 2007 WL2462677, at *4 (E.D.N.Y. Aug. 27, 2007). *See also Trustees of the Plumbers and Pipefitters Nat'l Pension Fund v. Transworld Mechanical, Inc.,* 886 F. Supp. 1134, 1138-39 (S.D.N.Y.1995) ("the weight of authority in this Circuit indicates that courts will stay a civil proceeding when the criminal investigation has ripened into an indictment").

Because of the overlap between this case and the criminal case, if discovery proceeds, Mr. Alexander may be forced to choose between asserting his right against self-incrimination (which might permit the drawing of an adverse inference) or providing information that may prove damaging to his criminal defense, as well as free discovery to the Government regarding his defense. *See, e.g., Posner*, 2009 WL 1739702, at * 1; *Dawson,* 2007 WL2462677, at *4 ("A stay of these civil proceedings constitutes a necessary and hence appropriate safeguard of defendants' fifth amendment privilege") (cleaned up).

Finally, as discussed above, proceeding with civil litigation and civil discovery imposes a substantial burden on Defendant's ability to prepare his criminal defense. Plaintiff also will benefit from awaiting the result of the criminal trial. These considerations further support grant of a stay.

*Public Interest and Judicial Interest* (Factors #5, #6). This Court is likely to benefit from the criminal matter no matter its outcome. The outcome will certainly bear on what party and third-party discovery is relevant, and the scope of issues to be adjudicated, and may also influence any potential settlement. Thus, a stay may contribute to the efficient resolution of this action. A stay also "would not cause serious harm to any public interest." *Parker*, 2007 WL 246277, at *7 (internal quotation marks and citation omitted).

While we understand that a stay in a civil case is an extraordinary remedy, here, it is necessary to shield Mr. Alexander's Fifth Amendment privilege and to prevent prejudicing the criminal case, including by exposing the defense theory to the prosecution in advance of trial. Awaiting the result of the criminal trial also may provide significant benefit to the Plaintiff and this Court.

Thank you for Your Honor's time and attention to this matter.[1]

Respectfully submitted,

Milton L. Williams

*Attorneys for Defendant Tal Alexander*

Plaintiff shall file a response to the instant letter on or before April 25, 2025.

SO ORDERED.
Date: April 18, 2025
New York, New York

JOHN P. CRONAN
United States District Judge

---

[1] The Court requested that the parties submit a proposed case management plan and scheduling order by April 18, 2025.  *See* ECF No. 25.  We submit this letter in lieu of the case management plan.