UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
:
JANE DOE,                                                              :
                                                                       :
                              Plaintiff,                               :
                                                                       :          25 Civ. 2077 (JPC)
                -v-                                                    :
                                                                       :          OPINION AND ORDER
TAL ALEXANDER,                                                         :
                                                                       :
                              Defendant.                               :
                                                                       :
-----------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

Jane Doe, the pseudonymous plaintiff in this matter, moves for leave to proceed anonymously in this civil action against Tal Alexander alleging sexual assault. But for the following reasons, Doe's interest in keeping her identity confidential does not overcome the general presumption of public disclosure in judicial proceedings. The Court therefore denies the motion and requires Doe to file an amended complaint under her true name if she wishes to proceed in this action.

## I. Background

This civil action—one of many recently filed against Alexander and his brothers alleging sexual misconduct—asserts violations of New York City's Victims of Gender-Motivated Violence Protection Act and sexual battery against Alexander. Dkt. 1-1 ("Complaint"). According to Doe's Complaint, Alexander invited her into his apartment before violently raping her. *Id.* ¶¶ 15-17. Doe alleges that she "suffered from severe anxiety, depression, and PTSD" in the months that followed the assault. *Id.* ¶ 20.

On March 30, 2025, Doe filed a motion seeking permission to litigate under a pseudonym—that is, to avoid having to attach her real name to this lawsuit as plaintiffs are typically required to do. Dkt. 16-2 ("Motion").[1] In an affidavit attached to her motion, Doe states that "having to use [her] full legal name in this action will have serious ramifications and consequences in [her] everyday life." Dkt. 16-1 ("Doe Decl.") ¶ 2. Doe further explains that she does not feel "ready for the people in [her] life to know what happened to [her]" and that her motion seeks to "preserve privacy in a matter of [a] sensitive and highly personal nature that will have a lifelong impact on [her] and [her] family." *Id.* ¶¶ 3, 5. Doe insists that allowing her to proceed pseudonymously would not prejudice Alexander, *id.* ¶ 6, and expresses that she would rather withdraw this case entirely than reveal her identity publicly, *id.* ¶ 4.

Alexander opposed Doe's motion on April 4, 2025. Dkt. 19 ("Opposition").

## II. Legal Standard

Federal Rule of Civil Procedure 10(a) declares that civil complaints "must name all the parties." Fed. R. Civ. P. 10(a). That "seemingly pedestrian" requirement, tucked away in a rule setting forth the "[f]orm of pleadings," in fact "serves the vital purpose of facilitating public scrutiny of judicial proceedings." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 188 (2d Cir. 2008); *see Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997) (Posner, J.) ("Identifying the parties to the proceeding is an important dimension of publicness. The people have a right to know who is using their courts.").

Though cast in mandatory terms, courts have long applied Rule 10(a) by conducting a "balancing test that weighs the plaintiff's need for anonymity against countervailing interests in

---

[1] Because Doe's moving brief lacks original pagination, the Court will cite to the Motion using the ECF-generated page numbers.

full disclosure." *Sealed Plaintiff*, 537 F.3d at 189. Under that approach, "the plaintiff's interest in anonymity must be balanced against both the public interest in disclosure and any prejudice to the defendant." *Id.* In conducting that balancing test, the Second Circuit has "note[d] with approval" the following set of non-exhaustive factors:

> (1) whether the litigation involves matters that are highly sensitive and of a personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Id.* at 189-90 (cleaned up). A district court, however, "is not required to list each of the factors or use any particular formulation as long as it is clear that the court balanced the interests at stake in reaching its conclusion." *Id.* at 191 n.4. And even under this multi-factor approach, there is a presumption that a plaintiff will proceed under her own name, such that "pseudonyms are the exception and not the rule." *United States v. Pilcher*, 950 F.3d 39, 45 (2d Cir. 2020) (per curiam). The burden is therefore on the party seeking anonymity to "make a case rebutting" the presumption in favor of public disclosure. *Id.*

### III. Discussion

In cases involving allegations of sexual misconduct against high-profile figures, the multi-factor analysis called for by *Sealed Plaintiff* typically disfavors anonymity. *See, e.g.*, *Doe v. Combs*, No. 24 Civ. 7977 (VSB), 2025 WL 1380800 (S.D.N.Y. May 13, 2025); Dkt. 20, *Doe v.*

3

*Alexander* ("*Alexander I*"), No. 25 Civ. 2108 (RA) (S.D.N.Y. Apr. 28, 2025); *Doe v. Alexander* ("*Alexander II*"), No. 25 Civ. 2107 (LJL), 2025 WL 1126617 (S.D.N.Y. Apr. 16, 2025); *Doe v. Combs*, No. 24 Civ. 7776 (NRB), 2025 WL 1079038 (S.D.N.Y. Apr. 9, 2025); *Doe v. Combs* ("*Combs I*"), No. 24 Civ. 8852 (JPC), 2025 WL 950685 (S.D.N.Y. Mar. 28, 2025); *Doe v. Alexander* ("*Alexander III*"), No. 25 Civ. 1631 (JAV), 2025 WL 784913 (S.D.N.Y. Mar. 12, 2025); *Doe v. Combs* ("*Combs II*"), No. 24 Civ. 7777 (LJL), 2025 WL 722790 (S.D.N.Y. Mar. 6, 2025); *Doe v. Combs* ("*Combs III*"), No. 24 Civ. 8810 (LAK), 2025 WL 268515 (S.D.N.Y. Jan. 22, 2025); *Doe v. Combs* ("*Combs IV*"), No. 24 Civ. 8054 (MKV), 2024 WL 4635309 (S.D.N.Y. Oct. 30, 2024); *Doe v. Combs*, No. 23 Civ. 10628 (JGLC), 2024 WL 863705 (S.D.N.Y. Feb. 29, 2024); *Doe v. Freydin*, No. 21 Civ. 8371 (NRB), 2021 WL 4991731 (S.D.N.Y. Oct. 27, 2021); *Rapp v. Fowler*, 537 F. Supp. 3d 521 (S.D.N.Y. 2021); *Doe v. Weinstein*, 484 F. Supp. 3d 90 (S.D.N.Y. 2020).

Following the approach taken in these cases, the Court denies Doe's request to proceed under a pseudonym in this matter.

**A.     Factors One and Seven: Plaintiff's Privacy Interest**

As in most cases of this nature, the first and seventh factors favor anonymity. Doe's Complaint alleges sexual assault—perhaps the quintessential example of a claim involving "highly sensitive" matters of a "personal" nature. *Rapp*, 537 F. Supp. 3d at 528 ("Allegations of sexual assault are paradigmatic examples of highly sensitive and personal claims and thus favor a plaintiff's use of a pseudonym." (internal quotation marks omitted and alteration adopted)). And Alexander does not dispute Doe's contention that she has kept her identity confidential up to this point. *See* Doe Decl. ¶ 3 ("I want to be Jane Doe because I am not ready for the people in my life

4

to know what happened to me"); Opposition at 8 (acknowledging that "to date, [Doe] has kept her own identity confidential").

Even considered together, however, factors one and seven are not dispositive. *Combs III*, 2025 WL 268515, at *2. Indeed, it is well-established that "allegations of sexual assault, by themselves, are not sufficient to entitle a plaintiff to proceed under a pseudonym." *Weinstein*, 484 F. Supp. 3d at 94; *see Combs IV*, 2024 WL 4635309, at *2 ("[M]any courts in this District have denied motions to proceed under a pseudonym despite concluding that the plaintiff's allegations were highly sensitive and personal."). And while "courts typically reject a motion to proceed under a pseudonym" if the plaintiff has not otherwise kept her identity confidential, *Alexander II*, 2025 WL 1126617, at *4 (internal quotation marks omitted), a finding that the plaintiff *has* maintained confidentiality is rarely "significant enough to tip the scales" in the opposite direction, *Freydin*, 2021 WL 4991731, at *3. The Court must therefore also consider the remaining *Sealed Plaintiff* factors to determine whether the circumstances of Doe's request to proceed pseudonymously overcome the presumption in favor of public disclosure.

**B.    Factors Two and Three: Plaintiff's Harm**

Factors two and three, in similar fashion, consider whether and to what extent the plaintiff would suffer physical or emotional harm from having her identity disclosed. *Sealed Plaintiff*, 537 F.3d at 190. Here, Doe asserts that revealing her identity would "feel[] overwhelming" and "have serious ramifications and consequences in [her] everyday life." Doe Decl. ¶¶ 2-3. To that end, she argues that given the traumatic nature of her allegations, "having those experiences played out in a public forum could spark more trauma" for her. Motion at 6. Doe also claims that "[t]here is a significant risk here of physical harm" because "defendants" (which the Court assumes is a reference to the Alexander brothers) "are known to have violently drugged and raped their

victims." *Id.* at 5.  Finally, Doe fears that if her identity is revealed to the public, "she would be inundated with unwanted attention from the media that would cause her extreme psychological distress." *Id.* at 6.

As courts in this District have explained time and time again, assertions of this variety fall well short of establishing a cognizable risk that the disclosure of one's identity would result in harm.  Doe's contention that disclosure of her identity would be "overwhelming," Doe Decl. ¶ 3, and "could spark more trauma," Motion at 6, is precisely the kind of "mere speculation about a risk of psychological injury that cannot support her motion to proceed under a pseudonym." *Weinstein*, 484 F. Supp. 3d at 95 (internal quotation marks omitted) (rejecting a plaintiff's argument that "public disclosure of her identity could 'spark . . . trauma'").  And Doe's assertion that disclosure of her identity would "have serious ramifications and consequences in [her] everyday life," Doe Decl. ¶ 2, is simply too vague and conclusory to justify anonymity.  Critically, Doe's assertion that the public disclosure of her identity would result in unwarranted psychological harm is not supported by any particularized evidence, such as "corroboration from medical professionals that detail the risk to [her]." *Combs I*, 2025 WL 950685, at *3 (internal quotation marks omitted).  In the end, Doe's "conclusory assertion of the possibility of generalized harm—applicable to all victims of sexual assault—is insufficient to carry [her] burden." *Id.* (internal quotation marks omitted).

Doe's fear that disclosing her identity will result in a risk of physical harm due to Alexander's allegedly violent nature is also unpersuasive.  For starters, it is unclear how denying Doe's motion would place her at any greater risk of physical retaliation by Alexander, as Doe represents that even if her motion were to be granted, she would still be "willing and able to provide all relevant, personal information to [Alexander]."  Doe Decl. ¶ 6; *cf. Doe v. Cook*, No. 23 Civ.

6

10362 (LJL), 2025 WL 1434890, at *2 (S.D.N.Y. May 19, 2025) (rejecting the plaintiff's reliance on an alleged risk of physical retaliation by the defendant where the defendant already knew the plaintiff's identity). Plus, the allegations in Doe's Complaint regarding her sexual assault are just that—allegations. And at this stage it would be inappropriate for the Court to "make any assumptions about whether her allegations are true or false." *Combs IV*, 2024 WL 4635309, at *5. In any event, Doe does not provide any factual support, apart from the violent nature of the allegations in her Complaint, for her contention that Alexander continues to pose a threat to her today.[2] *See Combs I*, 2025 WL 950685, at *4 (explaining that a plaintiff's "vague representation" regarding the defendant's violent propensities is "insufficient to establish a risk of physical harm").

Finally, in the absence of particularized evidence of a risk of psychological or physical harm, Doe's generalized concern regarding unwanted media attention cannot carry the day either. That is so because, as numerous courts have explained, "the threat of significant media attention—however exacerbated by the modern era—alone does not entitle a plaintiff to the exceptional remedy of anonymity." *Rapp*, 537 F. Supp. 3d at 527-28; *see Weinstein*, 484 F. Supp. 3d at 95 ("Even when a defendant's notoriety will likely cause a case to attract significant media attention, a plaintiff's concerns about public humiliation and embarrassment generally are not sufficient grounds for allowing her to proceed anonymously." (internal quotation marks omitted and alterations adopted)).

---

[2] The Court notes that as of this writing, Alexander is in federal custody at the Metropolitan Detention Center in Brooklyn, New York, pending his criminal trial in this District, "rendering personal retaliation on his part less likely." *Alexander II*, 2025 WL 1126617, at *3; *see* Dkt. 35, *United States v. Alexander*, No. 24 Cr. 676 (VEC) (S.D.N.Y. Jan. 15, 2025) (order denying Alexander pretrial release). Alexander has appealed the district court's denial of bail to the Second Circuit. *See United States v. Alexander*, No. 25-224 (2d Cir.).

For these reasons, the Court finds no basis to conclude that anonymity is necessary to prevent a risk of psychological or physical harm to Doe. Accordingly, the second and third *Sealed Plaintiff* factors do not weigh in favor of anonymity in this case. *See Alexander II*, 2025 WL 1126617, at *3 (holding that the second and third factors did not weigh in favor of anonymity where the plaintiff "stop[ped] short of identifying any particularized physical or psychological harm she fears she will suffer from disclosure of her name").

C.   **Factor Four: Plaintiff's Vulnerability**

The fourth factor considers whether the plaintiff is "particularly vulnerable to the possible harms of disclosure . . . particularly in light of [her] age." *Sealed Plaintiff*, 537 F.3d at 190. This factor reflects that "courts have been readier to protect the privacy interest of minors in legal proceedings than of adults." *Combs II*, 2025 WL 722790, at *3 (internal quotation marks omitted). Here, Doe is an adult, and she does not claim to have been a minor at the time of the alleged assault. Nor has she "identified any reason for the Court to treat her as more vulnerable than the great run of adult plaintiffs who bring allegations of sexual assault in their own names." *Combs IV*, 2024 WL 4635309, at *4. Doe has therefore not shown that this factor weighs in favor of anonymity.

D.   **Factor Five: Governmental Versus Private Action**

Under the fifth *Sealed Plaintiff* factor, it is relevant "whether the suit challenges the actions of the government or that of private parties." *Alexander II*, 2025 WL 1126617, at *3. That is so because "[w]hen a lawsuit challenges governmental actions, actors, or policies, the plaintiff has a strong interest in proceeding anonymously." *Doe v. Solera Cap. LLC*, No. 18 Civ. 1769 (ER), 2019 WL 1437520, at *6 (S.D.N.Y. Mar. 31, 2019). And at the same time, "governmental bodies do not share the concerns about 'reputation' that private persons have when they are publicly

charged with wrongdoing." *Free Speech v. Reno*, No. 98 Civ. 2680 (MBM), 1999 WL 47310, at *2 (S.D.N.Y. Feb. 1, 1999). By contrast, "[i]n private civil suits, courts recognize there is a significant interest in open judicial proceedings since such suits do not only advance the parties' private interests, but also further the public's interest in enforcing legal and social norms." *Solera Cap.*, 2019 WL 1437520, at *6 (internal quotation marks omitted). As a general matter, courts are therefore "loathe to grant a motion to proceed anonymously against private parties." *Combs IV*, 2024 WL 4635309, at *4.

Because Doe's suit is directed at alleged sexual misconduct by Alexander, a private individual, this factor weighs against anonymity.

**E.    Factor Six: Prejudice to the Defendant**

Under the sixth factor, courts assess whether the defendant would suffer prejudice if the plaintiff were allowed to proceed anonymously. *Sealed Plaintiff*, 537 F.3d at 190. "In assessing whether such prejudice exists, courts examine the reputational damage to defendants, difficulties in conducting discovery, and fundamental fairness of proceeding anonymously." *Combs I*, 2025 WL 950685, at *5 (internal quotation marks omitted). Notwithstanding Doe's offer to make her identity known to Alexander himself and the relatively early stage of this case, Doe Decl. ¶ 6, the Court concludes that there is a substantial risk that Alexander would suffer unfair prejudice if Doe were allowed to keep her identity a secret.

Requiring a defendant to publicly defend himself against allegations of sexual assault, while the plaintiff retains her anonymity, is prejudicial. For example, if Doe's identity remains concealed, someone with information about Doe or her allegations that would be helpful to the defense, but otherwise is unknown to the defendant, might not come forward. In other words, "[b]y keeping [Doe's] identity confidential, information about only one side may thus come to

light." *Rapp*, 537 F. Supp. 3d at 531 (internal quotation marks omitted). That result would "not only would prejudice [Alexander], but would hinder the judicial interest in accurate fact-finding and fair adjudication." *Id.* (internal quotation marks omitted). And although the Court has ordered that discovery in this matter be stayed pending the outcome of Alexander's criminal prosecution, Dkt. 30, maintaining Doe's anonymity may still lessen the chance that such persons and witnesses would come forward in the meantime.

The Court also cannot ignore the fact that Alexander, a prominent figure, has likely suffered reputational damage from Doe's allegations. In that context, Doe's "anonymity may undermine [Alexander's] efforts to mitigate the alleged reputational damage stemming from these serious allegations." *Combs III*, 2025 WL 268515, at *4. The Court also notes that "by bringing this action, [Doe] has put her credibility in issue," entitling Alexander "to investigate her background and challenge her allegations and her credibility." *Alexander III*, 2025 WL 784913, at *4 (internal quotation marks omitted).

Like other courts have in considering motions to proceed anonymously in similar cases brought against the Alexander brothers, the Court holds for these reasons that the sixth factor weighs against granting Doe's motion. *See Alexander I*, at 6-7; *Alexander II*, 2025 WL 1126617, at *3-4; *Alexander III*, 2025 WL 784913, at *3-4.

F.   **Factors Eight and Nine: Public Interest in Disclosure**

The eighth and ninth factors address the public interest (or lack thereof) in the plaintiff's identity. Specifically, the eighth factor concerns "whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose [her] identity," whereas under the ninth factor courts ask "whether, because of the purely legal nature of the issues presented or otherwise, there is an

10

atypically weak public interest in knowing the litigants' identities." *Sealed Plaintiff*, 537 F.3d at 190 (internal quotation marks omitted).

In familiar fashion, Doe argues that "the public has a far greater interest in knowing who is accused of sexual abuse and where the abuse is alleged to have occurred than any interest in knowing the specific identity of a victim." Motion at 8. As this Court has previously explained in another case, however, "[t]his view of the public interest in this litigation is too narrow." *Combs I*, 2025 WL 950685, at *5. Instead, it is widely recognized that "[t]he public also has a legitimate interest in knowing the underlying facts of a litigation, including the identities of litigants." *Id.* (internal quotation marks omitted). And here, "that interest is magnified because [Doe] has made [her] allegations against a public figure." *Rapp*, 537 F. Supp. 3d at 532; *see* Motion at 5 (agreeing that "the Alexander Brothers are public figures" and noting the "substantial" media attention given to the allegations of sexual misconduct against them). In addition, this is not a case where "the only question relates to legal consequences" or where the issues raised are "purely legal" in nature. *Alexander II*, 2025 WL 1126617, at *4-5 (internal quotation marks omitted). Instead, it is one that raises inherently fact-bound questions and will likely turn, in significant part, "on the credibility of parties." *Id.* at *4.

Doe cannot overcome the public's interest in her identity by appealing to the need to ensure that victims of sexual assault are not deterred from coming forward. *See* Motion at 8. Although the Court does not question that "there is a public interest in protecting sexual assault victims so that other victims will not be discouraged from pursing legal actions," that general interest "has been repeatedly rejected by courts in this District as an adequate basis by itself to warrant anonymity." *Alexander III*, 2025 WL 784913, at *4 (internal quotation marks omitted); *see also Rapp*, 537 F. Supp. 3d at 533 (explaining that while "the public generally has an interest in

11

protecting those who make sexual assault allegations so that they are not deterred from vindicating their rights, it does not follow that the public has an interest in maintaining the anonymity of every person who alleges sexual assault or other misconduct of a highly personal nature" (footnote omitted)).  Like the overwhelming majority of courts in this District, the Court sides instead with the public's "significant interest in open judicial proceedings," which is "furthered by transparency, including exposure of the parties' identities."  *Doe v. Leonelli*, No. 22 Civ. 3732 (CM), 2022 WL 2003635, at *4 (S.D.N.Y. June 6, 2022).

Accordingly, the Court holds that the eighth and ninth factors weigh against anonymity in this matter.

**G.    Factor Ten: Alternative Protections**

The last *Sealed Plaintiff* factor looks at "whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff."  *Sealed Plaintiff*, 537 F.3d at 190.  Under this factor, courts have held that plaintiffs "can seek less drastic remedies than blanket anonymity, such as redactions to protect particularly sensitive information or a protective order."  *Combs I*, 2025 WL 950685, at *6 (internal quotation marks omitted).  Because Doe has presented no convincing reason why these alternative mechanisms could not be applied in this case, the tenth factor weighs against granting her motion.

\* \* \*

In sum, only the first and seventh factors weigh in favor of allowing Doe to proceed anonymously in this matter.  Because the remaining *Sealed Plaintiff* factors are either neutral or weigh against anonymity, the Court holds that Doe has failed to successfully rebut the presumption in favor of public disclosure.

## IV. Conclusion

For these reasons, the Court denies Doe's motion to proceed anonymously. On or before June 16, 2025, Doe shall file an amended complaint under her true name.[3] Doe is cautioned that the failure to file an amended complaint disclosing her identity by that deadline, absent an extension received for good cause shown, will result in the dismissal of this action without prejudice. The Clerk of Court is respectfully directed to terminate the motion pending at Docket Number 16.

SO ORDERED.

Dated: June 9, 2025
      New York, New York

                                 JOHN P. CRONAN
                             United States District Judge

---

[3] In the event that Doe files an amended complaint, Alexander's pending motion to dismiss, Dkt. 11, shall be deemed to apply to the amended complaint.